UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| TRUSTWAY INVESTMENTS, LLC, | ) | Case No.: 10-CV-03846-LHK |
| Plaintiff, | ) ) | ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED |
| v. | ) ) | |
| GIGI KUANG, | ) ) | |
| Defendant. | ) ) ) ) | |

On August 27, 2010, Defendant Gigi Kuang removed this action to federal court. The case was reassigned to the undersigned Judge on March 4, 2010. Having reviewed the pleadings, the Court is concerned that it lacks subject matter jurisdiction over this action. Although Plaintiff has not moved to remand, this Court has a continuing obligation to raise issues of subject matter jurisdiction whenever it appears that jurisdiction may be lacking. Fed. R. Civ. Pro. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

The action removed by Defendant is an unlawful detainer action based solely on state law. In the notice of removal, Defendant asserts that grounds for removal exist because his principal

1

Case No.: 10-CV-03846-LHK
ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED

defense and claim for relief arises under federal law.  However, a defendant may remove a case to federal court only if "the *plaintiff*'s complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  It is well-settled that a case may not be removed to federal court on the basis of a federal defense. *Id.* at 14.  This is true "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (quoting *Franchise Tax Bd.*, 463 U.S. at 14).  Rather, "the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Provincial Gov't of Marinduque*, 582 F.3d at 1086 (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974)).  Because Plaintiff's complaint for unlawful detainer raises no federal claims, there appears to be no basis for removal and no subject matter jurisdiction in this Court.

Accordingly, the Court ORDERS Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction.  Defendant shall file a written response no later than March 31, 2011.  If Plaintiff wishes to respond to Defendant's arguments or otherwise address the issue, Plaintiff may also file a response no later than April 7, 2011.

**IT IS SO ORDERED.**

Dated: March 21, 2011

LUCY H. KOH
United States District Judge